RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0446-MR

DAVID LEE MCPHERSON　　　　　　　　　　　　　　　APPELLANT


APPEAL FROM MUHLENBERG CIRCUIT COURT
v.　　　　　　HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 23-CR-00075


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  David Lee McPherson brings this appeal from a March 12, 2024, Judgment and Final Sentencing of the Muhlenberg Circuit Court.  We vacate and remand.

The Muhlenberg County grand jury indicted McPherson upon ten counts of possessing/viewing matter portraying the sexual performance by a minor, less than eighteen years old (Kentucky Revised Statutes (KRS) 531.335).

Subsequently, in January of 2024, McPherson reached a plea agreement with the Commonwealth. Under the plea agreement, McPherson agreed to plead guilty to the indicted offenses, and the Commonwealth agreed to recommend a total sentence of ten-years' imprisonment. During the guilty plea colloquy, McPherson indicated that he had read and understood the plea agreement. McPherson also affirmed that he was guilty of all counts in the indictment. The circuit court believed that McPherson understood the charges against him and accepted the guilty plea by order entered January 9, 2024.

Some two months later, on March 11, 2024, McPherson appeared before the circuit court for sentencing. At this time, McPherson wished to speak to the court and was placed under oath. Before speaking, McPherson's counsel informed the court that it was his opinion that McPherson's guilty plea was in McPherson's best interest. McPherson then stated that he had been attempting to withdraw his guilty plea on the grounds of newly discovered evidence. The circuit court started to inquire of the basis of the motion to withdraw but stopped doing so and stated to McPherson that proper procedures should be followed. The circuit court informed McPherson that he needed to file a motion to withdraw guilty plea and that no such motion had been filed. As a result, the circuit court indicated that the motion to withdraw guilty plea was not properly before the court. Thus, the circuit court continued with sentencing and ultimately sentenced McPherson to a

total of ten-years' imprisonment by a March 12, 2024, Judgment and Final Sentencing. This appeal follows.

McPherson contends that the circuit court committed reversible error by not considering his oral motion to withdraw guilty plea and that trial counsel was ineffective for failing to assist McPherson in withdrawing his guilty plea.

In a case remarkably similar, the Supreme Court in *Commonwealth v. Tigue*, 459 S.W.3d 372, 381 (Ky. 2015), was also faced with a defendant who made an oral motion to withdraw his guilty plea at the sentencing hearing, and the circuit court refused to address the merits of the motion. Instead, the circuit court continued with sentencing and sentenced the defendant to twenty-five years, which was consistent with the plea agreement. The Supreme Court initially concluded that a motion to withdraw guilty plea constituted a "critical stage" of the proceedings during which the right to counsel attached. *Id.* at 384. Although trial counsel was present at the sentencing hearing, the Supreme Court noted that counsel did not assist in defendant's effort to withdraw the guilty plea as trial counsel believed the plea was in defendant's best interest. *Id.* at 385. Recognizing that the decision to withdraw a guilty plea could only be made by the defendant, the Supreme Court determined that counsel's actions resulted in a "complete denial of counsel." *Id.* at 385. The Supreme Court further determined that the circuit

court erroneously refused to consider defendant's oral motion to withdraw guilty plea at the sentencing hearing:

> It is no answer, as the trial court believed, that Tigue's request could not even be entertained because it was not presented in a formal, written motion. To be sure, as a general matter, we do not condone the motion practice employed here. But after reviewing the video recording of the sentencing hearing, as well as the contents of the letters sent to the court, we are satisfied that Tigue's pro se request for permission to withdraw his guilty plea constituted a valid motion.
>
> Our Rules of Criminal Procedure do not require all requests for relief to be made in writing and filed with the court in order to be considered valid motions. Though motions should ordinarily "be in writing," that requirement is not applied to motions "made during a hearing or trial." RCr [Kentucky Rules of Criminal Procedure] 8.14. Nor do our rules contain any specific requirements for bringing a motion to withdraw a plea of guilty in particular. *See* RCr 8.10. Rather, whether oral or written, a motion is valid if it "state[s] with particularity the grounds" supporting the party's application to the court and "set[s] forth the relief or order sought." RCr 8.14. . . .

*Id.* at 386-87.

In this case, McPherson informed the circuit court at the sentencing hearing that he desired to withdraw his guilty plea based on newly discovered evidence. The circuit court initially started to question McPherson concerning the evidence but decided that such questioning was improper. The circuit court informed McPherson that he was required to follow procedures and file a motion to

-4-

withdraw guilty plea. As no such motion was filed, the circuit court refused to consider McPherson's oral motion and continued with the sentencing hearing. While present at the sentencing hearing, McPherson's trial counsel did not assist McPherson in his effort to withdraw the guilty plea. Instead, trial counsel stated that he believed the guilty plea was in McPherson's best interest.

In accord with *Tigue*, 459 S.W.3d 372, it is patently clear that the circuit court erred by not considering McPherson's oral request to withdraw his guilty plea at the sentencing hearing and that trial counsel rendered ineffective assistance for failing to assist McPherson in withdrawing the guilty plea. At the sentencing hearing, McPherson's statements constituted fair notice that he sought to withdraw his guilty plea upon the ground of newly discovered evidence; moreover, the circuit court even realized that McPherson wanted to withdraw his guilty plea and started questioning him concerning the newly discovered evidence. *See Tigue*, 459 S.W.3d at 387. Under *Tigue*, 459 S.W.3d 389-90, the appropriate remedy is to vacate the March 12, 2024, Judgment and Final Sentencing and to "rewind" the proceedings to the point in time after McPherson entered his guilty plea but before final sentencing, to consider his motion to withdraw the guilty plea.

For the foregoing reasons, the Judgment and Final Sentencing of the Muhlenberg Circuit Court is vacated and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Matthew M. Robinson<br>Covington, Kentucky | Russell Coleman<br>Attorney General of Kentucky<br><br>Stephanie L. McKeehan<br>Assistant Attorney General<br>Office of the Solicitor General<br>Frankfort, Kentucky |